UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ABDEL FATTAH MOHAMED,

Plaintiff,

-v.- 1:08-CV-00895 (NPM/DRH)

U.S. POSTAL SERVICE,
*Schenectady 12301*; and
Fed Ex

Defendants.

---

APPEARANCES: OF COUNSEL:

FOR THE PLAINTIFF:

ABDEL FATTAH MOHAMED pro se
1196 Coplon Avenue
Schenectady, New York 12309

FOR THE DEFENDANT,
U.S. Postal Service:

HON. ANDREW T. BAXTER BARBARA D. COTTRELL
United States Attorney for the Assistant United States Attorney
Northern District of New York
445 Broadway
218 James T. Foley U.S. Courthouse
Albany, New York 12207-2924

FOR THE DEFENDANT,
Fed Ex: No appearance

Neal P. McCurn, Senior District Judge

## ***MEMORANDUM-DECISION and ORDER***

### ***I. Introduction***

Plaintiff, Abdel Fattah Mohamed ("Plaintiff"), appearing pro se, originally commenced this action against defendant, U.S. Postal Service, Schenectady, 12301 ("Defendant") and Fed Ex[1] in City Court of the City of Schenectady, County of Schenectady, State of New York. Defendant thereafter removed the action to this court, and subsequently filed a motion to dismiss the action for failure to state a claim upon which relief may be granted or for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c), respectively, or in the alternative, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has failed to oppose the motion, and consequently defendant has not replied. The pending motion is decided on the papers submitted without oral argument.

### ***II. Factual Background***

For purposes of deciding the pending motion, the court will, as it must, accept the following factual allegations in Plaintiff's complaint as true. See supra at 3.

Plaintiff traveled to Toronto, Ontario on May 1, 2008, and returned to the United States four days later. See Dkt. No. 6. Plaintiff alleges that he had his wife "Fed Ex" medicine to him, but it "was not received until now[.]" Plaintiff's complaint is dated June 24, 2008.

---

[1]Although Fed Ex is named as a defendant to this action, there is no evidence that it has been served.

Plaintiff names "U.S. Postal Services, Schenectady, NY 12301" and "Fed Ex - Liberty St." as defendants, from whom he seeks $90.50 in damages.

***III. Discussion***

Defendant seeks dismissal of this action because it has not been properly served, and because Plaintiff has failed to exhaust his administrative remedies. Because the court finds that it lacks jurisdiction over Plaintiff's claim it need not address the issue of proper service.

***A. Legal Standard***

To be sure, Defendant's motion to dismiss for failure to exhaust may more properly be brought as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. See Furman v. United States Postal Serv., 349 F.Supp.2d 553, 556 (E.D.N.Y. 2004). Nonetheless, such a motion may certainly be raised as a motion for judgment on the pleadings under Rule 12(c). See Cherry v. Hillside Manor Rehab. & Extended Care, No. 06-CV-3296, 2008 WL 2559378, at *2 n.1 (E.D.N.Y. June 23, 2008). Moreover, motions pursuant to Rules 12(b)(1) and 12(c) are evaluated under the same standard to be applied when deciding a motion pursuant to Rule 12(b)(6). See id. See also Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).

When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept the allegations of fact in the complaint as true, drawing all reasonable inferences in the plaintiff's favor. See World Religious Relief, Inc. v. Sirius Satellite Radio, Inc., No. 05-CV-8257, 2007 WL 2261549, at *1 (S.D.N.Y. Aug. 7, 2007) (quoting Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir.1994)). A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the complaint includes "enough facts to state a claim to relief that is plausible on its

face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic, 550 U.S. at 556, 127 S.Ct. at 1965). In accordance with this standard, the plaintiff is required, "at a bare minimum, . . . [to] provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" Goldstein v. Pataki, 516 F.3d 50, 56 -57 (2d Cir. 2008) (citing ATSI Commc'ns., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007)) (quoting Bell Atlantic, 127 S.Ct. at 1965))).

Defendant also alternatively seeks summary judgment pursuant to Fed. R. Civ. P. 56. However, because no matters outside the pleadings need be considered in order to decide the pending motion, it is more properly decided solely as a motion for judgment on the pleadings under Rule 12(c). Cf. Pava v. Hartford Life & Accident Ins. Co., No. 03-CV-2609, 2005 WL 2039192, at *5-6 (E.D.N.Y. Aug. 24, 2005).

Finally, the court is mindful of the well-established principle that a pro se litigant's papers are to be construed liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 ( 2d Cir. 2008) (internal citations omitted). Thus, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551U.S. 89, 27 S.Ct. 2197, 2200 (2007) (per curiam)). Accordingly, the court must interpret Plaintiff's "submissions to raise the strongest arguments that they suggest." Diaz v. United States, 517 F.3d 608, 613 (2d Cir. 2008) (internal quotation and citation omitted).

Further, "when reviewing pro se submissions, a district court should look at them 'with a lenient eye, allowing borderline cases to proceed.'" Phillips v. Girdich, 408 F.3d 124, 127 -128 (2d Cir. 2005) (quoting Fleming v. United States, 146 F.3d 88, 90 (2d Cir.1998) (per curiam).

***B. Failure to Exhaust***

Through the Federal Tort Claims Act ("FTCA") the United States has waived its sovereign immunity from suit for damages "for harm caused by the negligent or wrongful conduct of Government employees, to the extent that a private person would be liable under the law of the place where the conduct occurred." In re Agent Orange Prod. Liab. Litig., 517 F.3d 76, 87 (2d Cir. 2008) (quoting Boyle v. United Techs. Corp., 487 U.S. 500, 511, 108 S.Ct. 2510 (1988) (citing 28 U.S.C. § 1346(b)). However, persons are required to exhaust administrative remedies prior to commencing an action against the United States under the FTCA. See 28 U.S.C. § 2675(a). A Notice of Claim must be presented to an administrative agency within two years of the date the action accrued. See Furman, 349 F.Supp.2d at 557 (citing 28 U.S.C. § 2401(b)). Here, there is no indication that Plaintiff filed the requisite claim with the United States Postal Service ("USPS") prior to bringing this action. Accordingly, this court does not have jurisdiction over Plaintiff's claim, and this action may be dismissed on that basis alone. However, Defendant's additional argument in support of its motion for judgment on the pleadings, to wit, that had Plaintiff brought his claim before the USPS, it would have been dismissed under the postal matter exception to the FTCA, warrants discussion.

***C. The Postal Matter Exception***

The FTCA carves out certain exceptions to the waiver of sovereign immunity, including the "Postal Matter Exception." See C.D. of NYC, Inc. v.

United States Postal Serv., No. 03-CV-5055, 2004 WL 2072032, at *2 (S.D.N.Y. Sept. 16, 2004) (aff'd, 157 Fed. Appx. 428, 2005 WL 3322993 (2d Cir. 2005)) (cert. denied, 549 U.S. 809, 127 S.Ct. 346 (2006)); 28 U.S.C. § 2680(b). Any claims that fall within these exceptions must be dismissed for lack of subject matter jurisdiction. See id. Pursuant to the Postal Matter Exception, the United States does not waive its sovereign immunity regarding "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." § 2680(b). Here, Plaintiff alleges Defendant's failure to timely deliver a package. See Dkt. No. 6. As such, Plaintiff's claim clearly falls within the Postal Matter Exception. Consequently, even if Plaintiff had exhausted his administrative remedies, this court would nonetheless lack jurisdiction over his claim. Accordingly, Defendant's motion for judgment on the pleadings is granted.

## ***IV. Conclusion***

In accordance with the foregoing analysis it is ORDERED that the motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) by defendant, U.S. Postal Service, Schenectady 12301, against plaintiff, Abdel Fattah Mohamed, see Dkt. No. 4, is GRANTED.

The Clerk of the Court is directed to close the case accordingly.

IT IS SO ORDERED.

DATED: July 22, 2009
Syracuse, New York

Neal P. McCurn
Senior U.S. District Judge